UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------X
DAYAHAN TAYLOR,

                        Plaintiff,

     -against-

THE CITY OF NEW YORK AND
POLICE OFFICER DANIEL RODNEY (TAX 949555),

                        Defendants.
-----------------------------------------------------------------------------X

**COMPLAINT**

**JURY TRIAL DEMANDED**

       Plaintiff, DAYAHAN TAYLOR, by and through his attorneys, **THE LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC,** as and for his Complaint, respectfully alleges, upon information and belief:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States of America.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

## VENUE

4. Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff, DAYAHAN TAYLOR, is, and has been, at all relevant times, a resident of the County of New York, City and State of New York.

7. Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, THE CITY OF NEW YORK.

9. At all times hereinafter mentioned, the individually named defendant, POLICE OFFICER DANIEL RODNEY (TAX 949555) was a duly sworn member of said department and was acting under the supervision of said department and according to his official duties. Defendant Rodney is sued herein in his official and individual capacities. At all times hereinafter mentioned, Defendant Rodney was assigned to the Housing Bureau PSA 5 of the NYPD.

2

10. At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or CITY OF NEW YORK.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant, THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, THE CITY OF NEW YORK.

## FACTS

13. On September 9, 2015, at approximately 7:00 p.m., Plaintiff DAYAHAN TAYLOR was lawfully present on 132nd Street between Madison Avenue and Park Avenue in the County of New York, City and State of New York.

14. At this time, Defendant Rodney and other members of the NYPD arrived at the location on duty and in uniform clothes.

15. Without any legal justification or excuse, Defendant Rodney approached Plaintiff and began searching him

16. The search revealed no evidence of any guns, drugs, or contraband.

17. Plaintiff was not engaged in any unlawful or suspicious activity.

18. Nonetheless, the Plaintiff was formally arrested, was placed in handcuffs, and was transported to the station house of a local area precinct believed to be Housing Bureau

PSA 5 of the NYPD where he was searched and detained for several hours.

19. The search yielded no evidence of any guns, drugs, or contraband

20. At no time on September 9, 2015, did Plaintiff commit any crime or violation of law.

21. At no time on September 9, 2015, did Defendant Rodney possess probable cause to arrest Plaintiff or to order Plaintiff's arrest.

22. At no time on September 9, 2015, did Defendant Rodney possess information that would lead a reasonable officer to believe probable cause existed to arrest Plaintiff.

23. Plaintiff was held for several hours at the stationhouse before he was transported to New York County Central Booking where he was held for several additional hours before he was arraigned on a criminal complaint containing false allegations provided by Defendant Rodney.

24. Specifically, Defendant Rodney swore out a criminal complaint against Plaintiff stating that he observed Plaintiff smoking marijuana in plain view on the street.

25. These and other allegations were false and Defendant Rodney knew they were false when he made them.

26. Pursuant to these false allegations, the Plaintiff was charged with one count of criminal possession of marijuana on the fifth degree and one count of unlawful possession of marijuana.

27. Following his arraignment, Plaintiff was released with a future court date, and forced to return to court pursuant to Defendant Rodney's false allegations.

28. Despite Defendants' unconstitutional actions, all charges against Plaintiff were dismissed on speedy trial provisions nearly six months after Plaintiff was arrested.

29. Defendant Rodney provided knowingly false and misleading information to prosecutors at the New York County District Attorney's Office.

30. Each of the allegations were false and the Defendant Rodney knew them to be false when they were made.

31. As a result of the foregoing, Plaintiff DAYAHAN TAYLOR sustained, *inter alia*, embarrassment, humiliation, physical injuries, and deprivation of his constitutional rights.

32. All of the aforementioned acts of Defendants, their agents, servants and employees, were carried out under the color of state law.

33. All of the aforementioned acts deprived Plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and were therefore in violation of 42 U.S.C. Section 1983.

34. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers with all of the actual and/or apparent authority attendant thereto.

35. The acts complained of were carried out by the aforementioned individual Defendants in their capacitates as police officers, pursuant to the customs, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

36. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted custom, usage, practice, procedure or rule of respective municipality/authority, which is forbidden by the Constitution of the United States.

**FIRST CLAIM FOR RELIEF FOR**
**FALSE ARREST**
**UNDER 42 U.S.C. § 1983**

37. Plaintiff DAYAHAN TAYLOR repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

38. As a result of Defendant Rodney's conduct, Plaintiff was subjected to illegal, improper and false arrest, taken into custody, and caused to be falsely imprisoned, detained, and confined without any probable cause, privilege, or consent.

39. As a result of the foregoing, Plaintiff's liberty was restricted, he was put in fear for his safety, and he was falsely arrested without probable cause or any other legal basis.

**SECOND CLAIM FOR RELIEF FOR**
**MALICIOUS PROSECUTION**
**UNDER 42 U.S.C. § 1983**

40. Plaintiff, DAYAHAN TAYLOR, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

41. Defendant Rodney misrepresented and falsified evidence before the New York County District Attorney.

42. Defendant Rodney did not make a complete and full statement of facts to the District Attorney.

43. Defendant Rodney withheld exculpatory evidence from the District Attorney.

44. Defendant Rodney was directly and actively involved in the initiation of criminal

proceedings against plaintiff.

45. Defendant Rodney lacked probable cause to initiate criminal proceedings against plaintiff.

46. Defendant Rodney acted with malice in initiating criminal proceedings against plaintiff.

47. Defendant Rodney was directly and actively involved in the continuation of criminal proceedings against plaintiff.

48. Defendant Rodney lacked probable cause to continue criminal proceedings against plaintiff.

49. Defendant Rodney misrepresented and falsified evidence throughout all phases of the criminal proceedings.

50. Notwithstanding the perjurious and fraudulent conduct of Defendant Rodney, the criminal proceedings were terminated in plaintiff's favor when the charges against him were dismissed.

51. As a result of the foregoing, plaintiff's liberty was restricted, he was put in fear for his safety, and he was arrested without probable cause or other legal basis.

### THIRD CLAIM FOR RELIEF FOR
### DENIAL OF RIGHT TO FAIR TRIAL UNDER 42 U.S.C. § 1983

52. Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

53. At no time did Defendant Rodney have any legal basis for commencing criminal process, nor was there any reasonable basis to believe said conduct set forth herein was lawful, reasonable, or otherwise appropriate.

54. Defendant Rodney misrepresented and falsified evidence to the New York County

District Attorney.

55. Defendant Rodney did not make a complete and full statement of facts to the District Attorney.

56. Defendant Rodney withheld exculpatory evidence from the District Attorney.

57. Defendant Rodney was directly and actively involved in the initiation of criminal proceedings against Plaintiff.

58. Defendant Rodney lacked probable cause to initiate criminal proceedings against Plaintiff.

59. Defendant Rodney acted with malice in initiating criminal proceedings against Plaintiff.

60. Defendant Rodney directly and actively involved in the continuation of criminal proceedings against Plaintiff.

61. Defendant Rodney lacked probable cause to continue criminal proceedings against Plaintiff.

62. Defendant Rodney misrepresented and falsified evidence throughout all phases of the criminal proceedings against Plaintiff.

63. Notwithstanding the perjurious and fraudulent conduct of Defendant Rodney the criminal proceedings were terminated in Plaintiff's favor when his criminal charges were dismissed.

64. By so doing, the individual Defendant subjected Plaintiff to fabrication of evidence, denial of fair trial, and denial of due process, and thereby violated, conspired to violate, and aided and abetted in the violation of Plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

65. By reason thereof, Defendant Rodney has violated 42 U.S.C. §1983 and caused Plaintiff to suffer emotional injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of his constitutional rights.

### FOURTH CLAIM FOR RELIEF
### FOR MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

66. Plaintiff, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

67. Defendant Rodney arrested, searched, and incarcerated plaintiff DAYAHAN TAYLOR, in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said search, arrest and incarceration would jeopardize Plaintiff's liberty, well-being, safety, and violate his constitutional rights.

68. The acts complained of were carried out by the aforementioned individual Defendant in his capacities as a police officer and official, with all the actual and/or apparent authority attendant thereto.

69. The acts complained of were carried out by the aforementioned individual Defendant in his capacity as police officers and official pursuant to the customs, policies, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

70. Those customs, policies, patterns, and practices include, but are not limited to:

    i. requiring officers to make a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

    ii. requiring precincts to record a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

   iii. failing to take any measures to correct unconstitutional behavior when brought to the attention of supervisors and/or policy makers;

   iv. failing to properly train police officers in the requirements of the United States Constitution.

71. The aforesaid customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department directly cause, *inter alia*, the following unconstitutional practices:

   i. arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics;

   ii. arresting individuals regardless of probable cause in order to positively affect precinct-wide statistics;

   iii. falsifying evidence and testimony to support those arrests;

   iv. falsifying evidence and testimony to cover up police misconduct.

72. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department constitute a deliberate indifference to the safety, well-being and constitutional rights of Plaintiff, DAYAHAN TAYLOR.

73. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by Plaintiff as alleged herein.

74. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the moving force behind the constitutional violations suffered by Plaintiff as alleged herein.

75. As a result of the foregoing customs, policies, usages, practices, procedures and rules of

THE CITY OF NEW YORK and the New York City Police Department, Plaintiff was placed under arrest unlawfully.

76. Defendant, while acting under color of state law, was directly and actively involved in violating the constitutional rights of Plaintiff.

77. Defendant, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and was directly responsible for the violation of Plaintiff's constitutional rights.

78. All of the foregoing acts by Defendant Rodney deprived Plaintiff of federally protected constitutional rights, particularly their Fourth and Fourteenth Amendment rights to be free from unreasonable search and seizure.

**WHEREFORE**, the Plaintiff respectfully requests judgment against the Defendants on each of the foregoing causes of action as follows:

i. an order awarding compensatory damages in an amount to be determined at trial;

ii. an order awarding punitive damages in an amount to be determined at trial;

iii. reasonable attorneys' fees and costs under 42 U.S.C. §1988; and

iv. directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
August 25, 2017

Respectfully submitted,

**LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC**
*Counsel for the Plaintiff*

/s/
By:   JESSICA MASSIMI (JM-2920)
32 Old Slip, 8th Floor
New York, New York 10005
(212) 962-1020